JEFFRY M. HENDERSON (*pro hac vice*)
hendersonj@gtlaw.com
TODD E. PENTECOST (*pro hac vice*)
pentecostt@gtlaw.com
HOWARD HOLDERNESS
holdernessh@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111

Attorneys for Defendants
KCG Americas LLC, Daniel B. Coleman,
Carl Gilmore, Greg Hostetler, Main Street Trading, Inc.,
Patrick J. Flynn, Wedbush Securities Inc.,
Edward W. Wedbush and Gary Wedbush

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HARRY and RONALD S. DRAPER, <br><br> Plaintiffs, <br><br> v. <br><br> KCG AMERICAS LLC, DANIEL B. COLEMAN, CARL GILMORE, GREG HOSTETLER, MAIN STREET TRADING, INC., PATRICK J. FLYNN, WEDBUSH SECURITIES INC., EDWARD W. WEDBUSH, ION TRADING, INC, ANDREA PIGNATARO, ROBERT SYLVERNE, COMPUTER VOICE SYSTEMS, INC., PAUL STURM, and SCOTT WILLIAM BENZ, <br><br> Defendants. | Case No. 4:20-cv-07352-HSG <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DEEM PLAINTIFFS VEXATIOUS LITIGANTS** <br><br> Date: March 11, 2021 <br> Time: 2:00 p.m. <br> Judge: Hon. Haywood S. Gilliam, Jr. <br> Ctrm: 2 <br><br> Complaint Filed: 10/13/2020 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on March 11, 2021 in Courtroom 2, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the above-entitled court, located at 1301 Clay Street, Oakland, CA, 94612, Defendants KCG Americas LLC, Daniel B. Coleman, Carl Gilmore, Greg Hostetler, Main Street Trading, Inc., Patrick J. Flynn, Wedbush Securities Inc., Edward W. Wedbush and Gary Wedbush

along with ION Trading, Inc., Andrea Pignataro and Robert Sylverne, and Computer Voice Systems, Inc., Paul A. Sturm, and Scott W. Benz (collectively, "Defendants") will move the Court to deem Plaintiffs Bright Harry and Ronald S. Draper (collectively, "Plaintiffs") vexatious litigants and enter a pre-filing order against them.

Dated: December 28, 2020                                  GREENBERG TRAURIG, LLP

                                                                 By:    /s/ *Howard Holderness*
                                                                           Howard Holderness

*Attorneys for Defendants*
*KCG Americas LLC*
*Daniel B. Coleman*
*Carl Gilmore*
*Greg Hostetler*
*Main Street Trading, Inc.*
*Patrick J. Flynn*
*Wedbush Securities Inc.*
*Edward W. Wedbush and*
*Gary Wedbush*

Dated: December 28, 2020                                  SELMAN BREITMAN LLP

                                                                 By:    /s/ *Danielle K. Lewis**
                                                                             Danielle K. Lewis

*Attorneys for Defendants*
*ION Trading, Inc., Andrea Pignataro,*
*Robert Sylverne, Computer Voice*
*Systems, Inc., Paul A. Sturm,*
*and Scott W. Benz*

*Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from all other signatories

**DEFENDANTS' MOTION TO DEEM PLAINTIFFS VEXATIOUS LITIGANTS**

## I.  PRELIMINARY STATEMENT

In October 2015, Plaintiffs initiated the first in a series of successive and duplicative proceedings against Defendants seeking to recover millions of dollars of alleged damages arising from losses incurred in Draper's commodity futures trading account.  Each and every one of these proceedings was dismissed, and after each and every dismissal, Plaintiffs initiated a new proceeding against the same Defendants alleging the same claims.  The end result of all of this is <u>over five years of litigation</u> including a reparations action before the U.S. Commodity Futures Trading Commission ("CFTC"), two administrative appeals from that action, the two prior federal lawsuits that were dismissed *with prejudice* by this Court, and the appeal of those dismissals to the Ninth Circuit Court of Appeals which subsequently affirmed the dismissals.  Enough is enough.

Plaintiffs have had their day in court multiple times (as set forth herein three different prior proceedings and three appeals).  The CFTC, this Court, and the Ninth Circuit have devoted more than enough in administrative and judicial resources in addressing and dismissing Plaintiffs' claims. Defendants have been forced to incur hundreds of thousands of dollars in legal expenses because Plaintiffs blatantly refuse to accept the rulings dismissing their claims.  Plaintiffs' present complaint is once again nothing more than a frivolous attempt to re-litigate claims that have been repeatedly dismissed, including by this Court.  Defendants respectfully request that the Court put a stop to this never-ending saga of litigation and deem Plaintiffs vexatious litigants.

## II.  BACKGROUND

On October 14, 2015, Plaintiffs Harry and Draper filed a complaint (the "Reparations Complaint") with the CFTC against many of the same Defendants named in this action alleging claims relating to purported technical difficulties Harry had experienced while using an electronic trading platform to trade commodity futures in an account held by Draper with Defendants KCG Americas LLC and later its successor, Wedbush Securities, Inc.  (*See Bright Harry v. KCG Americas LLC, et al.*, Case No. 17-cv-02385-HSG (the "*Harry* Case") Dkt Nos. 43-5 and 44.)  The Reparations Complaint asserted eight claims including, *inter alia*, claims for fraud, breach of fiduciary duty, misrepresentations and "non-disclosure of risks."  (*Harry* Case, Dkt No. 43-5.)  On March 8, 2016, the CFTC's Director of

Office of Proceedings entered an order dismissing the Reparations Complaint as a result of a lack of jurisdiction and standing. (*Harry* Case, Dkt No. 43-6.) Harry appealed the Order of Dismissal. (*Harry* Case Dkt No. 43-8, at ¶ 1.) The appeal was denied four days later by the Commission which also sanctioned Draper. (*Harry* Case Dkt No. 43-7, 43-8 at 2, 43-9 and 44 at ¶ 21.) Plaintiffs later filed a petition for judicial review with the Ninth Circuit which was denied. *See Draper, et al. v. CFTC, et al.*, Case No. 18-73070 (9th Cir.).

On April 26, 2017, Plaintiff Harry filed a *pro se* complaint in the case captioned *Bright Harry v. KCG Americas LLC, et al.*, Case No. 17-cv-02385-HSG against the same Defendants named in this action again alleging claims relating to purported technical difficulties he had experienced while using an electronic trading platform to trade commodity futures in the trading account held by his "partner," Plaintiff Ronald Draper. (*See Harry Case*, Dkt No. 1.) Subsequent amended pleadings were filed, including a Second Amended Complaint ("SAC"), which became the operative pleading prior to dismissal. (*Harry Case*, Dkt No. 75.) The SAC in the *Harry* Case alleged causes of action for: (1) Fraudulent Concealment; (2) Fraudulent Misrepresentation; (3) Breach of Fiduciary Duty; (4) Breach of Contract Under California Law; (5) Aiding and Abetting; (6) Violation of California Unfair Competition Law; (8) Violations of the California Consumer Legal Remedies Act; (9) Violations of the California False Advertising Law; and (10) Employment of Manipulative Devices/Scheme to Defraud Under the Commodity Exchange Act, 7 U.S.C. §§ 1, *et seq*. ("CEA"). (*Id.*)

On April 27, 2018, Plaintiff Ronald S. Draper filed a virtually identical *pro se* complaint in the case captioned *Ronald Draper v. KCG Americas LLC, et al.*, Case. No. 18-cv-02524-HSG (the "*Draper* Case") (collectively with the *Harry* Case, the "Dismissed Cases"), against the same Defendants as in the *Harry* Case and alleging the same causes of action, with the exception that the *Draper* Case added a claim for Elder Financial Abuse under California law. (*Draper* Case, Dkt No. 1.) Based on the identical nature of the two cases, upon the Defendants' motion, on May 15, 2018, this Court found the *Draper* Case to be related to the *Harry* Case, and the *Draper* Case was re-assigned to this Court for all proceedings pursuant to Civil Local Rule 3-12. (*Draper* Case, Dkt Nos. 10 and 11.)

On August 27, 2018, the Court granted the Defendants' motions to dismiss the Plaintiffs' federal claims in both the Dismissed Cases *with prejudice*. (*Harry* Case, Dkt No. 123, at p. 14; *Draper* Case,

Dkt No. 66, at p. 10.) The Court further declined to exercise supplemental jurisdiction over the Plaintiffs' state law claims and dismissed those claims *without leave to amend* in federal court. (*Harry* Case, Dkt No. 123, at pp. 13-14; *Draper* Case, Dkt No. 66 at p. 10.) Plaintiffs appealed both dismissals. The dismissals were subsequently affirmed by the Ninth Circuit in May 2020 and the appellate mandates were issued in September (*Draper*) and October (*Harry*) of 2020. (*Harry* Case, Dkt Nos. 143, 155 and 157; *Draper* Case, Dkt Nos. 87, 103 and 104.)

On October 13, 2020, a little over a week after the Ninth Circuit issued its mandate in the *Harry* Case, Plaintiffs jointly filed this action, *Bright Harry and Ronald S. Draper v. KCG Americas LLC, et al.*, Case No. 20-cv-07352-JST. (Dkt No. 1.) Plaintiffs' 163-page complaint asserts the <u>same</u> causes of action against the <u>same</u> Defendants based on the <u>same</u> alleged transactions and events as asserted in the Dismissed Cases (*i.e.*, Harry's purported technical problems in utilizing the electronic trading platform to execute trades in Draper's futures trading account), with one modification: Plaintiffs now claim that those transactions and events were the result of "racketeering activities" by Defendants, and Plaintiffs assert several new claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. (*See id.* at Counts I-III.) On December 21, 2020, this Court found this action to be related to the *Harry* Case and *Draper* Case, and this action was re-assigned to this Court for all proceedings pursuant to Civil Local Rule 3-12. Defendants have moved to dismiss this action based on, *inter alia*, the doctrine of *res judicata*, the statutes of limitations and lack of standing.

## III.   ARGUMENT

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Pre-filing orders are appropriate because "'[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Id.* (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)); *see also Gavin v. City and County of San Francisco*, No. 15-cv-05202-EMC, 2016 WL 126937, at *1 (N.D. Cal. Jan. 12, 2016).

In *De Long*, the Ninth Circuit set forth the requirements for entering pre-filing orders against vexatious litigants: (1) The litigant must be given notice and opportunity to be heard before the order is

3                                            4:20-cv-07352-HSG
DEFENDANTS' MOTION TO DEEM PLAINTIFFS VEXATIOUS LITIGANTS

entered; (2) The court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant; (3) The court must make substantive findings that the litigant's filings are frivolous or harassing; and (4) The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered." *DeLong*, 912 F.2d at 1147-48.  "The first and second of these requirements are procedural, while the latter two factors are substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

### A.  Notice And Opportunity To Be Heard

The first factor simply requires that Plaintiffs be given notice and an opportunity to oppose a pre-filing order before it is entered.  *Gavin*, 2016 WL 126937, at *2.  It does not require an in-person hearing or oral argument; rather, all that is required is the opportunity to brief the issue.  *Id.*; *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *7 (N.D. Cal. Mar. 10, 2015); *Azzarmi v. Wurtz*, No. CV 20-607-DMG, 2020 WL 3106343, at *5 (C.D. Cal. May 21, 2020); *Reddy v. Medquist, Inc.*, No. CV 12-01324 PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012).

Plaintiffs have been served with a copy of this Motion and will have an opportunity to file a brief opposing the entry of a pre-filing order.  Thus, the first *DeLong* factor is satisfied.  *Gavin*, 2016 WL 126937, at *2; *Sepehry-Fard*, 2015 WL 1063070, at *7; *Reddy*, 2012 WL 6020010, at *3.

### B.  Adequate Record For Review

"The second factor is merely procedural."  *Gavin*, 2016 WL 126937, at *2 (citing *DeLong*, 912 F.2d at 1147).  All it requires is that the Court compile a list of actions and filings by Plaintiffs.  *Id.*

This factor is satisfied here because the actions filed by Plaintiffs are listed and discussed in Section II of this Motion above.  *Id.*

### C.  Frivolous Or Harassing Filings

The third factor "gets to the heart of the vexatious litigant analysis."  *Molski*, 500 F.3d at 1059. "To decide whether a litigant's actions are frivolous or harassing, a court looks at both how many filings

a litigant has made and what those filings contain." *Azzarmi*, 2020 WL 3106343, at *5 (citing *Stimac v. Wieking*, 785 F. Supp. 2d 847, 854 (N.D. Cal. 2011); *see also Reddy*, 2012 WL 6020010, at *6. However, the number of lawsuits filed by the litigant need not be numerous as there is no numerical baseline for determining whether a litigant's filings are frivolous or harassing. *Gavin*, 2016 WL 126937, at *3; *Sepehry-Fard*, 2015 WL 1063070, at *8.

In addition, the Ninth Circuit has identified five factors courts should consider in determining whether a party's litigation qualifies as frivolous or harassing:  (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Sepehry-Fard*, 2015 WL 1063070, at *8 (citing *Ringgold-Lockhart*, 761 F.3d at 1062).  Each of these factors supports a finding that Plaintiffs' filings are frivolous and harassing.

The first two of these factors are clearly met here.  Numerous courts in this District have found the repeated filing of serial, duplicative lawsuits alleging almost the same claims after those or related claims have been dismissed to be vexatious and harassing, and evidence of a malicious motive. *See, e.g., Gavin*, 2016 WL 126937, at *3; *Sepehry-Fard*, 2015 WL 1063070, at *9-10; *Reddy*, 2012 WL 6020010, at *7. As to the third factor, "*pro se* litigants are not immune from a vexatious litigation finding," *Sepehry-Fard*, 2015 WL 1063070, at *11, and any concern raised by Plaintiffs' *pro se* status can be addressed by narrowly tailoring the pre-filing order. *Gavin*, 2016 WL 126937, at *4.  With respect to the fourth factor, there is no question that Plaintiffs have caused needless expense to Defendants and posed an unnecessary burden on the courts by ignoring the legal effect of the dismissals of their lawsuits and simply re-filing the same claims over and over. *Id.*  The fifth factor favors the entry of a pre-filing order because Plaintiffs have repeatedly flouted administrative and judicial rulings. *Sepehry-Fard*, 2015 WL 1063070, at *11. For example, Plaintiffs were ordered by the CFTC several times to stop filing repetitive and frivolous motions and other papers. (*See Harry* Case Dkt Nos. 43-7, 43-8 and 43-9.)  The CFTC sanctioned Plaintiffs for violating these orders by dismissing Draper's complaint with prejudice; yet, unfazed,

Plaintiffs simply re-filed their claims in this Court. (*Harry* Case Dkt No. 43-9.) Thus, there is simply no reason to believe that a sanction other than a pre-filing order would be adequate to protect the Court and Defendants from Plaintiffs filing additional lawsuits.

Therefore, the third *DeLong* factor for deeming Plaintiffs vexatious litigants—frivolous and harassing filings--is satisfied here.

### D. Narrowly Tailored Pre-Filing Order

The fourth and final factor requires the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Gavin*, 2016 WL 126937, at *4. This factor is satisfied if the pre-filing order restrains the "'plaintiff from filing only the type of claims [he] had been [previously] filing vexatiously.'" *Sepehry-Fard*, 2015 WL 1063070, at *11 (quoting *Ringgold-Lockhart*, 761 F.3d at 1066).

Accordingly, Defendants respectfully request that the Court enter a pre-filing order prohibiting either of the Plaintiffs from filing any complaint against Defendants concerning the commodities trading account held by Draper with Defendants KCG Americas LLC and later its successor, Wedbush Securities, Inc., without first submitting the complaint for pre-filing review and receiving written authorization from a judge of this District to file it. Such an order is narrowly tailored to the type of claims Plaintiffs have been vexatiously filing and thus satisfies the fourth *DeLong* factor. *Id.* at *12; *Gavin*, 2016 WL 126937, at *4; *Reddy*, 2012 WL 6020010, at *8.

### IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that their Motion be granted and that the Court deem Plaintiffs Bright Harry and Ronald S. Draper vexatious litigants and enter a pre-filing order against them, and grant Defendants such other and further relief as the Court deems appropriate.

Dated:  December 28, 2020 GREENBERG TRAURIG, LLP

By: /s/ *Howard Holderness*
Howard Holderness

*Attorneys for Defendants*
KCG Americas LLC
Daniel B. Coleman
Carl Gilmore
Greg Hostetler
Main Street Trading, Inc.
Patrick J. Flynn
Wedbush Securities Inc.
Edward W. Wedbush and
Gary Wedbush

Dated:  December 28, 2020 SELMAN BREITMAN LLP

By: /s/ *Danielle K. Lewis\**
Danielle K. Lewis

*Attorneys for Defendants*
*ION Trading, Inc., Andrea Pignataro,*
*Robert Sylverne, Computer Voice*
*Systems, Inc., Paul A. Sturm,*
*and Scott W. Benz*

*Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from all other signatories

*ACTIVE 54366431v1*