IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HARRY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KCG AMERICAS LLC ("KCG"), et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07352-HSG   (CRB)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR DISQUALIFICATION** |

On July 22, 2021, Plaintiffs Bright Harry and Ronald S. Draper moved to disqualify the Honorable Haywood S. Gilliam, Jr. from this case. See Ex Parte Application (dkt. 43); Mot. to Disqualify (dkt. 43-1). On July 26, 2021, Judge Gilliam referred the application to the Clerk of the Court for random assignment to another District judge. See Referral Order (dkt. 44). The undersigned was randomly selected to consider Harry and Draper's motion. The undersigned hereby denies the motion.

"Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse himself . . . and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." N.D. Cal. Civ. Loc. Rule 3-14. Harry and Draper acknowledge that the undersigned must ask "whether a reasonable person with knowledge of all the facts would conclude that [Judge Gilliam]'s impartiality might reasonably be questioned." Mot. to Disqualify at 20 (citing United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). Here, the answer is no. Harry and Draper have provided no legitimate reason to question Judge Gilliam's impartiality.

Contrary to Harry and Draper, Judge Gilliam did not improperly reassign this case to himself. See Mot. to Disqualify at 21. Harry and Draper appear to misunderstand the Court's Civil Local Rules. Under Rule 3-12, two cases are "related" when (1) they "concern substantially the same parties, property, transaction, or event," and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civ. Loc. Rule 3-12(a). When a party believes that an action may be related to an action that "is or was pending in this District," that party "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civ. Loc. Rule 3-12(b) (emphasis added). "Any opposition to or support of a Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case." Civ. Loc. Rule 3-12(e). Under Civil Local Rule 7-11(b), an opposition to a motion for administrative relief (including a motion to consider whether cases should be related) is due "no later than 4 days after the motion has been filed." Civ. Loc. Rule 7-11(b). Then, "the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related and will notify the Clerk, who, in turn, will notify the parties." Civ. Loc. Rule 3-12(f). If that judge determines that the cases are related, "the clerk shall reassign all related later-filed cases to that Judge." Civ. Loc. Rule 3-12(f)(3).

Here, it takes only a look at the docket to reject Harry and Draper's argument. Indeed, Defendants and Judge Gilliam followed the Civil Local Rules to the letter. Judge Gilliam had previously presided over a case brought by Harry against KCG Americas LLC and various other parties. See Harry v. KCG Americas LLC et al, 17-cv-02385-HSG. Thus, when Harry and Draper sued KCG Americas LLC and various other parties once again in the instant action, Defendants properly filed a motion in the lowest-numbered case (17-cv-2385) to consider whether the actions should be related. See 17-cv-02385-HSG Dkt. 162; Civ. Loc. Rule 3-12(a), (b). Harry and Draper did not file an opposition in the lowest-numbered case (though an opposition likely would have made no difference), and eighteen days after Defendants filed their administrative motion, the judge assigned to the

lowest-numbered case (Judge Gilliam) granted the motion to relate cases. See 17-cv-02385-HSG Dkt. 163; Civ. Loc. Rule 3-12(f).

Nothing about this process violated Harry and Draper's due process rights under the Fifth Amendment, their jury trial rights under the Seventh Amendment, constitutional or statutory limits on this Court (and Judge Gilliam)'s subject matter jurisdiction, or any other legal rule. Harry and Draper repeatedly refer to case number 17-cv-02385-HSG, the lowest-numbered relevant case, as "defunct and invalid," Mot. to Disqualify at 7–8, but the Civil Local Rules make clear that a motion to relate cases must be brought in the lowest-numbered case that "is or was pending in this District," Civ. Loc. Rule 3-12(b) (emphasis added). Harry and Draper are subject to the Civil Local Rules like every other party to civil litigation in this district.

Of course, Harry and Draper's motion to disqualify would still have merit if they showed other grounds for questioning Judge Gilliam's impartiality. They have not done so. Judge Gilliam's order relating cases does not show that hostility towards Harry and Draper. Beyond that order, Harry and Draper allege only that Judge Gilliam has "illegally and summarily" dismissed their claims and declared them "Vexatious Litigants." Mot. to Disqualify at 18, 21. Dismissal of a lawsuit hardly shows bias or animus. See, e.g., Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988). And based on the instant motion, the undersigned is not surprised that Harry and Draper have been deemed vexatious. Harry and Draper's motion rests on the premise that if a Judge has ruled against them, the judge must be biased. The fault here lies not with Judge Gilliam, but with that premise.

For the foregoing reasons, Harry and Draper's ex parte application for disqualification is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2021

CHARLES R. BREYER
United States District Judge